The facts in this case as set forth in the stipulation are as follows:
1. On or about May 1st, 1906, Anna M. Sandmeyer agreed with Greylock Land Company to purchase two parcels of land designated on the map of Greylock Manor, as lots Nos. 426-427, and to pay the said company therefor the sum of seven hundred ($700) dollars in installments.
2. This agreement was signed and executed by both parties and complainant made her first payment, and continued to make payments under the terms of the agreement until July 1st, 1915.
3. On or about July, 1912, John B. Scarlett was president and majority stockholder of Greylock Land Company. At that time the said John B. Scarlett was indebted to the Union National Bank for money loaned or advanced to him personally and for his own personal use, and in order to secure his personal loans from the said bank, and as security for his personal indebtedness to the Union National Bank, he caused the Greylock Land Company to execute a mortgage on certain of its undeeded property to secure payment of the sum of sixteen thousand ($16,000) dollars. This mortgage was given to Fidelity Trust Company of Newark, New Jersey, as trustee for Union National Bank et al., and the consideration for the said mortgage represented no moneys advanced to or due from Greylock Land Company.
4. The mortgage aforesaid covered the lots contracted to be sold by Greylock Land Company to complainant, Anna M. Sandmeyer, known as lots Nos. 426-427 on map of Greylock Manor, and the said mortgage contained a clause providing for the release of any lot or lots from the lien of said mortgage upon the payment to Fidelity Trust Company of one hundred ($100) dollars for each lot so released.
5. Complainant had no notice of the giving and the recording of the mortgage aforesaid to Fidelity Trust Company, nor was she aware that the said mortgage covered the lots contracted to be sold to her, and upon which she was making payments, and she continued making her payments *Page 567 
aforesaid until 1914, when, for certain reasons consented to by Greylock Land Company, payments were suspended until June, 1915, when, upon making a final payment, complainant secured from Greylock Land Company a deed conveying to her said lots Nos. 426-427 on map of Greylock Manor aforesaid, and more particularly described in the bill.
6. Complainant is still the owner of the lots aforesaid, and the mortgage set out in the foregoing still covers the said lots and forms a cloud upon title thereto. No interest has been paid on said mortgage since the year 1912, and no claim has been made upon the complainant for interest on the said mortgage or any part thereof, and no notice was ever given to her of the existence of such mortgage (other than the constructive notice of recording the instrument) since the year 1915, when her deed to said lots was recorded.
7. In the year 1921 Union National Bank and Fidelity Trust Company were consolidated into one company, the new title of which is Fidelity-Union Trust Company. All of the assets and liabilities of Union National Bank and Fidelity Trust Company were taken over by Fidelity-Union Trust Company.
8. Complainant, through her solicitor, made a demand upon the Fidelity Trust Company in 1918, and made a demand on Fidelity-Union Trust Company in 1922, for the cancellation of the mortgage aforesaid covering her lots. Fidelity Trust Company and Fidelity-Union Trust Company, through its agent, Francis Lafferty, refused to cancel the mortgage.
It is contended that, in order to attack the validity of the mortgage, in so far as she is affected by it, the complainant must show that she was a creditor at the date of the record.
I am satisfied that from an equitable standpoint she was a creditor, because she had entered into a contract whereby she was to make certain payments, and was to receive, after those payments were made, a deed for the lots free and clear of encumbrances. She performed her part of the bargain, and, if she can get no equitable relief, her lots are useless to her, because they are encumbered by a mortgage which is, *Page 568 
presumably, considerably in excess of the purchase price paid by her.
I believe that this situation is one which justifies a court of equity in granting equitable relief.
The defendant says that her rights have not been injuriously affected. I cannot see how this can be, under the facts as set out in the stipulation. And I also think that she has sustained a loss on account of this mortgage from the Greylock Land Company to the Union National Bank.
Without deciding whether the mortgage is altogether void, for the reasons stated in the complainant's brief, I have decided to advise a decree directing that the mortgage, in so far as it affects the lots of the complainant, shall be canceled.